UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

      v.                                            **DECISION AND ORDER**
                                                               22-CR-171-A

ROBERTO MILLAN,

                        Defendant.

───────────────────────────────

      Defendant Roberto Millan is charged in a 3-count Indictment with: one count of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); one count of enticement of a minor, in violation of Title 18, United States Code, Section 2422(b); and one count of possession of child pornography, in violation of 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). This case was referred to Magistrate Judge Michael J. Roemer pursuant to 28 U.S.C. § 636(b)(1) for the conduct of pretrial proceedings.

      The Court presumes the parties' familiarity with the record, the procedural history, and the arguments before the Court.

      On July 18, 2024, Magistrate Judge Roemer issued a 31-page Report, Recommendation and Order "RR&O" (Dkt. No. 64) recommending that Defendant's motions to suppress (Dkt. Nos. 22 and 38) be denied and otherwise resolving Defendant's various discovery motions (Dkt. No. 22).

Defendant filed objections which solely challenged the Magistrate Judge's recommendation that various items of evidence seized pursuant to New York State search warrants should not be suppressed (Dkt. No. 67).  The Government filed a response in opposition (Dkt. No. 69) and Defendant filed a reply (Dkt. No. 70).  On October 2, 2024, the matter was deemed submitted on the papers.

Upon *de novo* review the Court adopts the thorough and well-reasoned recommendations made by the Magistrate Judge, and upon clear error review finds there is no reason to overturn his orders.  This Court agrees completely with Magistrate Judge Roemer's conclusions: that the various search warrant affidavits at issue were amply supported by probable cause; that there is no basis for a *Franks* hearing, *see, Franks v Delaware*, 438 U.S. 154 (1978); and that even if the applications which were used to obtain the search warrants were deficient, the evidence obtained from them would not be subject to suppression under *United States v. Leon*, 468 U.S. 897 (1984).

While the Defendant's reply memorandum suggests that Magistrate Judge Roemer erred in failing to apply New York State law in considering the motion to suppress (Dkt. No. 70, p. 3), the Court notes that "the touchstone of a federal court's review of a state search warrant secured by local police officials and employed in a federal prosecution is the Fourth Amendment and its requirements, and no more." *United States v. Smith*, 9 F.3d 1007, 1014 (2d Cir. 1993); *see also*, *Preston v. United States*, 376 U.S. 364 (1964) ("The question whether evidence obtained by state officers and used against a defendant in a federal trial was obtained by unreasonable search and seizure is to be judged as if the search and seizure had

2

been made by federal officers."); *United States v. Braggs*, 5 F.4th 183, 184 (2d Cir. 2021)("Our precedents make clear that only federal law applies in a federal court's exclusionary rule analysis."). Magistrate Judge Roemer did not err in applying federal law.

Accordingly, for the reasons set forth in the RR&O, it is hereby

**ORDERED** that the RR&O (Dkt. No. 64) is adopted in its entirety. Defendant's motions to suppress (Dkt. Nos. 22 and 38) are denied.

The parties shall appear for a status conference to set a date for trial on November 4, 2024 at 9:00 am.

**IT IS SO ORDERED.**

                                                __s/Richard J. Arcara_____
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT COURT

Dated:   November 1, 2024
          Buffalo, New York